## UNITED STATES v. B. ULMANN & CO.

## SAME v. J. R. SIMON & CO.

(Circuit Court of Appeals, Second Circuit. April 4, 1905.)

Nos. 177, 230.

1. CUSTOMS DUTIES—CLASSIFICATION—FLAX DRAWNWORK—IMITATION LACE.
   *Held*, that certain woven flax articles, in portions of which ornamental effects have been produced by drawing out certain of the threads and interjecting different, independent threads, producing openwork effects, are not "articles * * * in imitation of lace," as enumerated in paragraph 339, Tariff Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662].

**2. SAME—COUNTABLE FLAX FABRICS—VARIATION IN THREAD COUNT.**

    In construing paragraph 346, Tariff Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1663], providing for flax fabrics and articles at rates varying according to the count of threads per square inch, *held*, that it is not necessary, in order to be brought within this provision, that goods should be homogeneous, and that certain fabrics in which various ornamental effects have been produced by withdrawing a portion of the threads and adding others are not excluded from that paragraph by reason of such treatment.    •   •

Appeals from the Circuit Court of the United States for the Southern District of New York.

These causes come here upon appeals from decisions of the Circuit Court, Southern District of New York (131 Fed. 649), reversing decisions of the Board of General Appraisers (G. A. 5,329, T. D. 24,373), which affirmed the collector of the port of New York in his assessment for duty of certain merchandise under the tariff act of 1897.

Charles Duane Baker, Asst. U. S. Atty.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for B. Ulmann & Co.

Howard T. Walden, for J. R. Simon & Co.

Before WALLACE and LACOMBE, Circuit Judges.

LACOMBE, Circuit Judge. The importations consist of certain manufactures of flax, which were in the form of cloth squares of various sizes, known as doilies, bureau covers, table squares, and articles of a similar character, some of which were hemstitched, and contained certain ornamental effects in various portions of the squares, produced by drawing out certain of the warp or filling threads, and by the interjection of different and independent threads, producing openwork effects. The importers claimed that they were dutiable under paragraph 346 (Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1663]), which imposes rates of duty, varying according to weight and count of threads, upon "woven fabrics of flax * * * or of which [flax] is the component material of chief value." The Circuit Court so classified them. The government contends that this is error, because, by reason of the drawing out of some of the warp and filling threads, the count of threads remaining would not be uniform throughout the fabric. This contention is disposed of by the decision of the Supreme Court in Hedden v. Robertson, 151 U. S. 520, 14 Sup. Ct. 434, 38 L. Ed. 257, where threads had been added to make a figured pattern. The court held that it was not necessary that the cloth should be homogeneous, and that the circumstance that the number of threads to the square inch was greater where the figures were, than in the original groundwork of the fabric, was immaterial. We see no reason why the same principle should not apply when the number of threads where the figures are is less than in the original groundwork.

The collector classified the goods under paragraph 339 (30 Stat. 181 [U. S. Comp. St. 1901, p. 1662]) which imposes duty on "laces,

lace window curtains  *  *  *  and other lace articles; handkerchiefs, napkins  *  *  *  and other articles, made wholly or in part of lace, or in imitation of lace," etc. The Board of General Appraisers found as a fact that the goods in question are ornamented by withdrawing, etc, "so as to produce lace or effects in imitation of lace." We concur with the Circuit Court in the conclusion that this finding cannot be sustained upon the record. The testimony is undisputed that they are not lace. No witness testified that the effect of the ornamentation was in imitation of lace, while, on the contrary, witnesses who said they dealt largely in laces, and were familiar with all sorts and kinds of lace, testified that the "effects" are not in imitation of any kind of lace known to them. Moreover, Congress in this very act seems to have understood that ornamentation by drawn threads was distinct from imitations of lace. As has been pointed out, paragraph 339 provides for "handkerchiefs  *  *  *  made wholly or in part  *  *  *  in imitation of lace," while paragraph 388 (Schedule L, 30 Stat. 186 [U. S. Comp. St. 1901, p. 1670]) provides for "handkerchiefs  *  *  *  [which] have drawn threads or are embroidered in any manner."

The decision of the Circuit Court is affirmed.